# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.4)
### Eastern Division

NDR Cox Investments, LLC

                      Plaintiff,

v.                                                                Case No.: 1:25−cv−11213

                                                                     Honorable Jeffrey I Cummings

Cox Group, LLC, et al.

                      Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, October 16, 2025:

      MINUTE entry before the Honorable Jeffrey I Cummings: This case has been assigned to the calendar of Judge Jeffrey I. Cummings. This Court has an "independent obligation to determine whether subject−matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. YH Corp., 546 U.S. 500, 514 (2006); see also Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth., 776 F.3d 463, 465 (7th Cir. 2015). Indeed, "Federal courts at all levels must assure themselves of their... jurisdiction," and "[i]f a court lacks subject−matter jurisdiction, a ruling it issues on the merits is void." Chen v. Yellen, No. 22−2655, 2023 WL 8925038, at *1 (7th Cir. Dec. 27, 2023), quoting Mathis v. Metro. Life Ins., 12 F.4th 658, 66364 (7th Cir. 2021). Here, plaintiff alleges that this Court has jurisdiction pursuant to 28 U.S.C. §1332 (diversity jurisdiction). However, pursuant to the allegations of the complaint, it appears complete diversity is lacking because plaintiff NDR Cox Investments, LLC alleges that it is one of the members of defendant Cox Group, LLC, thereby destroying complete diversity. See Walpert v. Jaffrey, 127 F. Supp. 3d 105, 119 (S.D.N.Y. 2015) ("For jurisdictional purposes, "[a] limited liability company ["LLC"] is a citizen of every state of which any of its members is a citizen. Thus, in general, a plaintiff who is a member of an LLC cannot bring a diversity action against the LLC.&quo;t;) (cleaned up); see also Big Shoulders Cap. LLC v. San Luis & Rio Grande R.R., Inc., 13 F.4th 560, 571 (7th Cir. 2021) ("no defendant may share the same state citizenship as any plaintiff."). And plaintiff has not asserted any other basis for this Court's jurisdiction. For these reasons, plaintiff is directed to file a jurisdictional memorandum by 10/27/25 identifying a valid basis for this Court's subject matter jurisdiction. The failure to timely file such a memorandum will result in the dismissal of this case for lack of jurisdiction. Alternatively, plaintiff may file a notice of voluntary dismissal without prejudice by that date. Tracking status hearing set for 11/21/25 at 9:00 a.m. (to track the case only, no appearance is required). Mailed notice (cc, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of

Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.