**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NDR COX INVESTMENTS, LLC, a Delaware limited liability company, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:25-cv-11213 |
| | ) | |
| 5M VENTURE II, LLC, a Delaware limited liability company, MARK REITER and MARTY REITER, individuals, | ) | Hon. Jeffrey I. Cummings |
| | ) | |
| | ) | Mag. Gabriel A. Fuentes |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S JURISDICTIONAL MEMORANDUM**

Plaintiff NDR Cox Investments, LLC ("NDR Cox" or "Plaintiff"), by its attorneys, pursuant to the Court's October 16, 2025 Minute Entry (Doc. 15) (the "Minute Entry") and for its Jurisdictional Memorandum, states:

1.      Plaintiff filed its original Complaint (Doc. 1) on September 16, 2025 against Defendants Cox Group, LLC ("Cox"), 5M Venture II, LLC ("5M"), Mark Reiter and Marty Reiter (collectively the "Reiters").

2.      Cox filed its Unopposed Motion for Extension of Time to Answer or Otherwise Plead wherein it states that it was served with process on October 1, 2025. Doc. 17, ¶ 2.

3.      By its Minute Entry, this Court exercised its independent obligation to question its jurisdiction, reasoning that "it appears complete diversity is lacking because plaintiff NDR Cox[] alleges that it is one the members of defendant Cox[] thereby destroying complete diversity." Doc. 15 (citation omitted).

4.      Rule 15(a) allows a plaintiff to amend his complaint — including by adding or dropping parties and claims." *Taylor v. Brown*, 787 F.3d 851, 858 (7th Cir. 2015). Moreover, a

plaintiff is permitted "to amend his complaint" pursuant to Fed. R. Civ. P. 15(a) "to drop disposable nondiverse defendants whose presence would defeat diversity citizenship." *Jaser v. New York Property Ins. Underwriting Ass'n*, 815 F.2d 240, 242 (2d. Cir. 1987). *See Wellness Community-National v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995) (holding that "amended pleading supersedes the original pleading" for purposes of "jurisdictional inquiry"). *See also* 3A James W. Moore, MOORE'S FEDERAL PRACTICE & PROCEDURE ¶ 21.03[2] at 21–10 (2d ed. 1996) ("MOORE'S FEDERAL PRACTICE") ("[w]here, due to the joinder of proper, though not indispensable parties, the requisite diversity of citizenship does not exist, the court may permit the dismissal of such parties and thereby establish jurisdiction with *retroactive* effect") (emphasis in original).

5.      On October 21, 2025, Plaintiff filed its First Amended Complaint (the "Amended Complaint") pursuant to Fed. R. Civ. P. 15(a)(1)(A), or in the alternative, 15(a)(1)(B). Doc. 18. Therein, Plaintiff addressed the diversity issues raised by the Court's Minute Order and dropped Cox as defendant because it is a dispensable party to this litigation.[1]

6.      "Complete diversity exists" under 28 U.S.C. § 1332(a)(1) where "none of the defendants has the same citizenship as any plaintiff." *City of East St. Louis, Illinois v. Netflix, Inc.*, 86 F.4th 1066, 1070 (7th Cir. 2023). Here, there is complete diversity as between the parties and this Court possesses subject matter pursuant to 28 U.S.C. § 1332 because: (a) Plaintiff alleges that its sole member is a citizen and resident of Florida (Doc. 18, ¶¶ 9-10); and (b) Plaintiff alleges that the Reiters, who are the sole members of 5M, are citizens and residents of Illinois (*id*. ¶¶ 12-13).

---

[1] *See e.g. Foster Owners Co. LLC v. Farrell*, 2015 WL 778758, at ** 3-7 (D.N.J. Feb 23, 2025) (limited liability company dispensable in dispute between members because of presence of all members in litigation); *Panama Processes, S.A. v. Cities Service Co.*, 500 F. Supp. 787, 801 (S.D.N.Y. 1980) (in a dispute between minority and majority shareholders of corporation for breach of contract and breach of fiduciary duty, corporation was not an indispensable party); Indeed, Cox is not a party to its Amended and Restated Limited Liability Company Agreement. *See* Doc. 18, Ex. A at p. 55.

7.        However, should the Court disagree that it possesses subject-matter jurisdiction over this action, Plaintiff requests leave to file voluntary dismissal this action without prejudice.

WHEREFORE, for the foregoing reasons and case-law Plaintiff NDR Cox Investments, LLC requests that this Court determine that subject-matter jurisdiction in this Court exists, or in the alternative, that it be granted leave to voluntarily dismiss this action without prejudice.

Respectfully submitted,


_____/s/ Michael B. Cohen_____

Michael B. Cohen (mcohen@em3law.com)
Max A. Stein (mstein@em3law.com)
Keith M. Stolte (kstolte@em3law.com)
Maxson Mago & Macaulay LLP
77 West Wacker Drive, Suite 4500
Chicago, Illinois 60601
(312) 803-0378

*Counsel for Plaintiff NDR Cox Investments, LLC*

## <u>CERTIFICATE OF SERVICE</u>

        I certify that on October 27, 2025, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a Notice of Electronic Filing to all counsel of record.


By:    /s/ Michael B. Cohen