IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NDR COX INVESTMENTS, LLC, a Delaware limited liability company,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>5M VENTURE II, LLC, a Delaware limited liability company, MARK REITER and MARTY REITER, individuals,  )<br>)<br>Defendants.  ) | Case No.: 25 CV 11213<br><br>Hon. Jeffrey I. Cummings<br><br>Mag. Gabriel A. Fuentes |

**JOINT MOTION AND STIPULATION OF DISMISSAL**

Plaintiff NDR Cox Investments, LLC ("NDR Cox" or "Plaintiff"), Defendants 5M Venture II, LLC ("5M"), Mark Reiter, Martin Reiter and Cox Group, LLC ("Cox Group" and together with 5M, Mark Reiter and Marty Reiter, the "Defendants")), by their respective attorneys, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and the Court's January 22, 2026 Minute Entry[1] (Doc. 22) (the "Minute Entry"), and for their Joint Motion and Stipulation of Dismissal, state:

1. NDR Cox filed its Complaint against Defendants on September 16, 2025 (Doc. 1) and its First Amended Complaint 5M, Mark Reiter and Marty Reiter on October 21, 2025 (Doc. 18).

2. NDR Cox and Defendants have agreed to settle the issues involved in this action without Defendants having filed a responsive pleading nor admitting any of the allegations

---

[1] The parties believe that this Joint Motion and Stipulation obviates the need to resolve the issue raised by the Minute Entry because the parties have agreed that this Court should maintain jurisdiction over NDR Cox for the purpose of enforcing the Settlement Agreement. Nonetheless, to the extent the Court disagrees, Plaintiff and Cox Group will file a joint status report indicating whether Cox Group concedes it is an unnecessary and/or dispensable party to this litigation.

1

contained in Doc 1 and Doc 18 through a formal written agreement executed by NDR Cox and Defendants (the "Settlement Agreement").

3. The Settlement Agreement contains various obligations of the parties, the latest of which is required to occur by January 1, 2027.

4. The Settlement Agreement requires the parties to file a joint stipulation of dismissal of this action requesting the entry of an Agreed Order of Dismissal through which this Court would retain jurisdiction to enforce the terms of the Settlement Agreement through January 15, 2027. A proposed Agreed Order of Dismissal is attached hereto as Exhibit A[2].

WHEREFORE, Plaintiff NDR Cox Investments, LLC and Defendants 5M Venture II, LLC Mark Reiter, Marty Reiter and Cox Group, LLC request entry of the proposed Agreed Order of Dismissal attached hereto as Exhibit A, and for any other or further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Michael B. Cohen

Michael B. Cohen (mcohen@em3law.com)
Max A. Stein (mstein@em3law.com)
Keith M. Stolte (kstolte@em3law.com)
Maxson Mago & Macaulay LLP
77 West Wacker Drive, Suite 4500
Chicago, Illinois 60601
(312) 803-0378

*Counsel for Plaintiff NDR Cox Investments, LLC*

/s/ Thomas B. Fullerton (with permission)

Thomas B. Fullerton
Thomas.fullerton@Akerman.com

---

[2] The proposed Agreed Order of Dismissal follows that recommended by Magistrate Judge Morton Denlow (Ret.) in his article "What's an Attorney to Do? Ensuring Federal Jurisdiction Over Settlement Agreements in Light of Recent Seventh Circuit Cases."
https://www.ilnd.uscourts.gov/_assets/_documents/_forms/_judges/DENLOW/FederalJurisdiction.pdf.

Akerman LLP
71 S. Wacker Drive, 47th Floor
Chicago, IL 60606
(312) 634-5700

*Counsel for Defendant Cox Group, LLC*

/s/ Richard Perna (with permission)
Richard Perna
rperna@kdlegal.com
Nicole Firlej
nfirlej@kdlegal.com
Krieg DeVault LLP
200 S. Wacker Dr., Suite 600
Chicago, IL 60606
(312) 651-2409

*Counsel for Defendants 5M Venture II, LLC, Mark Reiter and Martin Reiter*

**CERTIFICATE OF SERVICE**

  I certify that on February 6, 2025, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a Notice of Electronic Filing to all counsel of record.


              By: /s/ Michael B. Cohen

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| NDR COX INVESTMENTS, LLC, a Delaware limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 25 CV 11213 |
| 5M VENTURE II, LLC, a Delaware limited liability company, MARK REITER and MARTY REITER, individuals, | ) ) ) ) ) | Hon. Jeffrey I. Cummings Mag. Gabriel A. Fuentes |
| Defendants. | ) | |

## AGREED ORDER OF DISMISSAL

The parties hereby agree that this case has been settled and that all issues and controversies have been resolved to their mutual satisfaction. The parties request the Court to retain jurisdiction to enforce the terms of their settlement agreement under the authority of *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 381-82 (1994).

**IT IS HEREBY ORDERED:**

1. The parties shall comply with the signed settlement agreement dated January 20, 2026, as amended on January 30, 2026. The parties expressly waive their rights under Federal Rule of Civil Procedure 65(d) to the extent Rule 65(d) requires this order to be specific in terms or to describe in reasonable detail and without reference to the settlement agreement, the act or acts to be restrained.

2. By consent of the parties, the Court shall retain jurisdiction for the purpose of enforcing the terms of the settlement agreement.

3. This case is dismissed without prejudice with leave to reinstate on or before January 15, 2027 for the purpose of enforcing the settlement. This Agreed Order of Dismissal is entered without prejudice in order to allow the Court to enforce the settlement agreement. The parties are barred from relitigating any claims raised in this litigation or any claims released by means of the settlement agreement.

4. In the event a motion to reinstate or motion to enforce settlement is not filed on or before January 15, 2027 the Court shall relinquish jurisdiction and the case shall be deemed dismissed with prejudice without further order of the Court. Each party shall bear its own attorney's fees and costs.

ENTERED:

_____
Hon. Jeffrey I. Cummings